UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESVIN VELIZ MIJANGOS,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Field Office Director; ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; DAVID VENTURELLA, Acting Director U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, U.S. Secretary of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General,<br><br>Respondents. | CIVIL ACTION<br>NO. 26-12628-WGY |

YOUNG, D.J. September 22, 2026

**MEMORANDUM AND ORDER**

The Court has reviewed Petitioner Esvin Veliz Mijangos's Emergency Motion to enforce the Court's June 29, 2026 Order, ECF No. 11, his supporting memorandum in support, ECF No. 12, and Respondents' response, Resp. Habeas Pet., ECF No. 11.

After a thorough, independent review, the Court concludes that the bond hearing afforded Petitioner may well have been constitutionally deficient. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021) (requiring "the government to either (1) prove by clear and convincing evidence that she poses

a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk.").

Here, the hearing officer did not expressly address alternatives to detention as requested by Petitioner. Whether such an express ruling is constitutionally necessary remains an open question in the First Circuit. See Doe v. Tompkins, 11 F.4th 1, 2 (1st Cir. 2021) (deeming waived the issue of the district court's order that the hearing officer "consider alternative methods to ensure the safety of the community . . . and future appearances", and expressing "no view concerning it either way").

In this District, there appears to be an emerging consensus that the immigration hearing officer must not only consider alternatives to detention but apparently must make express findings on the matter to reflect that consideration. See, e.g., Milhomem v. Wesling, No. CV 26-13292-NMG, 2026 WL 2427591, at *2 (D. Mass. Aug. 18, 2026) (Gorton, J.); Martinez v. Wesling, No. 26-CV-12878-ADB, 2026 WL 2186148, at *4 (D. Mass. July 29, 2026) (Burroughs, J.); Medina De Oliveira v. Moniz, No. 26-CV-12598-PBS, 2026 WL 2110773, at *2 (D. Mass. July 22, 2026) (Saris, J.); Costa v. McDonald, No. 25-CV-13469, 2026 WL 371198, at *3 (D. Mass. Feb. 10, 2026) (Kelley, J.). The logic is clear enough: if express findings are **not** constitutionally required it becomes well-nigh impossible -- at least in the face of the

conclusory determination that "no combination of conditions will secure the presence of the petitioner" -- to figure out whether the immigration hearing officer implicitly considered but rejected alternatives (constitutional but subject only to limited APA review before the Board of Immigration Appeals) or ignored the matter altogether (unconstitutional, properly reviewable at the BIA or in the district court on habeas).

While the Court agrees in principle with this growing consensus that the immigration hearing officers must **consider** alternatives to detention, this Court respectfully disagrees as to the second prong as to requiring findings absent further guidance from the First Circuit. In depriving the district courts of their statutory jurisdiction in immigration matters, see REAL ID Act of 2005, Pub.L. No. 109-13, Div. B. 119 Stat. 231, 302 ("REAL ID Act"), Congress gave no indication that the district courts retained plenary review over the decisions of immigration hearing officers. See Enwonwu v. Chertoff, 376 F. Supp. 2d 42, 81 (D. Mass. 2005). The usual course of proceedings -- though not a statutory requirement -- as to the merits of a bond hearing would appear to be appeal to the Board of Immigration Appeals, see 8 C.F.R. § 236.1(d)(3); Hernandez-Lara v. Lyons, 10 F.4th 19, 26 (1st Cir. 2021).[1] Habeas corpus,

[1] To be sure, hearing officer decisions (subject to limited habeas review in this Court and review of this Court's decision

though an open avenue, has recently turned into a de facto vehicle of first resort, and the First Circuit has not yet provided guidance as to what is necessary to comport with due process. Moreover, as is evident in cases where a bond hearing has been ordered, it is not entirely clear what this Court can or ought require the immigration hearing officer to undertake and express either as oral or written findings.

Accordingly, this Court agrees with Judge Woodcock of the District of Maine's approach in O'Leary v. Hyde, No. 2:26-CV-00036-JAW, 2026 WL 686295, at *6 n. 4 (D. Me. Mar. 11, 2026) ("So far, the First Circuit has not interpreted Hernandez-Lara to require an Immigration Judge to consider alternatives to detention," and "the Court is chary about expanding First Circuit law without express authority from the First Circuit.") (citing Doe, 11 F.4th at 2)(appeal pending). Since the present case presents an issue virtually identical to that raised in O'Leary,[2] the proper course of action would appear to require a stay until the Court of Appeals clarifies the matter. Cf. Navarro v. Lyons, No. CV 26-10876-WGY, 2026 WL 816791, at *3 (D. Mass. Mar. 25, 2026).

on habeas petitions by the First Circuit) is essentially the end of the administrative line inasmuch as the "courts of appeal do not have independent jurisdiction to review BIA bond decisions." See Romero v. Hyde, 795 F. Supp. 3d 271, 278 (D. Mass. 2025) (Murphy, J.).

[2] The issue is squarely before the First Circuit.

In 2021, when Hernandez-Lara was decided, the First Circuit expressed "hope and expect[ation] that the political branches [would] exercise their authority in harmony with the rights of noncitizens," but conceded that "history and common sense teach that rights are most likely to be disregarded when they belong to those who cannot vote." Hernandez-Lara, 10 F.4th at 43. Indeed, it practically invited Congress and the Executive branch to improve constitutional safeguards in immigration bond process when it "stress[ed] . . . that nothing in [its] decision restricts the political branches from implementing more nuanced rules for the adjudication of requests for release under section 1226." Id. The inordinate number of recent examples of cases where the district courts in this Circuit -- including this Court -- have granted the extraordinary remedy of habeas corpus relief reveals that further guidance from the First Circuit is necessary to ensure due process is afforded to those being detained under Section 1226.

Accordingly, further action in this case is STAYED pending the decision of the Court of Appeals in O'Leary or further order of this Court. Of course, in the meantime, nothing in this order should be construed as preventing the Respondents from providing a renewed bond hearing or the parties otherwise

resolving the underlying Petition by agreement.

**SO ORDERED.**

WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[3]

[3] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.